UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LAVONE HOOPER, | : Case No. 3:12-cv-108 |
| Petitioner, | : Judge Timothy S. Black |
| | : Magistrate Judge Michael R. Merz |
| vs. | : |
| WARDEN, Warren Correctional Institution, | : |
| Respondent. | : |

**DECISION AND ENTRY DENYING PETITIONER'S
MOTION FOR RECONSIDERATION (Doc. 21)**

This case is before the Court on Petitioner Lavonne Hooper's Motion for Reconsideration and Relief from Judgment. (Doc. 21). Respondent did not file any response to Petitioner's Motion and the time for doing so has expired. Accordingly, Petitioner's Motion is ripe for decision by the Court.

On January 10, 2014, United States Magistrate Judge Michael R. Merz submitted his Report and Recommendations in which he recommended that the Petitioner's Petition be dismissed with prejudice, that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous. (Doc. 18). Objections to the Report and Recommendations were due on or before January 27, 2014. On February 2, 2014, the Court having conducted a *de novo* review of the issues presented and noting the absence of objections, adopted the Report and Recommendations, dismissed Petitioner's Petition, denied any requested certificate of appealability and certified that any appeal would not be taken in good faith, thus denying Petitioner leave to appeal *in forma pauperis*. (Doc. 19).

Petitioner now moves for reconsideration and relief from judgment arguing that his failure to timely file objections to the Report and Recommendations of the Magistrate Judge resulted from his objections being lost by prison library staff who were purportedly asked to electronically submit documents to the Court on Petitioner's behalf. After Petitioner's purported objections were given to prison library staff for electronic filing, Petitioner apparently did not follow up as to whether his objections were appropriately and timely filed. Instead, Petitioner first learned that no objections were filed on his behalf until he received the Court's Decision and Entry adopting the Report and Recommendations and dismissing his Petition.

Because Petitioner's Motion focuses on prison library staff allegedly losing his objections, the Court analyzes whether relief from judgment is appropriate under Fed. R. Civ. P. 60(b)(1), which states that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "In deciding whether relief is warranted, three factors are relevant: (1) whether the party seeking relief is culpable; (2) whether the party opposing relief will be prejudiced; and (3) whether the party seeking relief has a meritorious claim or defense." *Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003) (citation omitted).

With regard to the first factor, "'[c]ulpability is 'framed' by the specific language of the rule; *i.e.*, a party demonstrates a lack of culpability by demonstrating "mistake, inadvertence, surprise, or excusable neglect.'" *Id*. (citing *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290 (6th Cir.1992)). In "[a]scertaining whether neglect is excusable[,]"

2

courts must take "into account all relevant circumstances, including . . . : '(1) the danger of prejudice to the other party, (2) the length of delay, (3) its potential impact on judicial proceedings, (4) the reason for the delay, and (5) whether the movant acted in good faith.'" *Tri-Corner Investments LLC v. First Defense Int'l Grp., Inc.*, 361 F. App'x 629, 631-32 (6th Cir. 2010) (citations omitted). Where "'inadvertent conduct leads to a judgment, a claim of mistake or excusable neglect will always fail if the facts demonstrate a lack of diligence.'" *B&D Partners v. Pastis*, No. 05-5954, 2006 WL 1307480, *3 (6th Cir. May, 9, 2006) (citing 12 Moore's Federal Practice § 60.41[1][c] [ii] (3d ed.2005)).

Here, even assuming Petitioner could demonstrate excusable neglect, his Motion fails to demonstrate a meritorious defense. "To be eligible for relief under 60(b)(1), a movant must demonstrate that he has a meritorious claim or defense, in addition to showing the existence of mistake, inadvertence, surprise, or excusable neglect." *Brown v. White*, 124 F.3d 196, 1997 WL 570399, *2 (6th Cir. Sept. 11, 1997) (citing *Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156, 1160 (6th Cir. 1980)). In this case because Petitioner fails to demonstrate a meritorious claim, or even address the issue in his Motion, the Court cannot grant the relief requested by Petitioner.

Accordingly, the Court **DENIES** Petitioner's Motion for Reconsideration and Relief from Judgment. (Doc. 21).

**IT IS SO ORDERED.**

Date: 4/8/14

*Timothy S. Black*
Timothy S. Black
United States District Judge